

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RONALD ALEX STEVENSON, | |
|     Petitioner, | Case No. 3:06-CV-00571-BES-(VPC) |
| vs. | **ORDER** |
| JACK PALMER, et al., | |
|     Respondents. | |

Before the Court are Petitioner's Application for Certificate of Appealability (#72), Respondents' Opposition (#74), and Petitioner's reply (#76). To appeal the denial of a petition for a writ of habeas corpus, Petitioner must obtain a certificate of appealability, after making a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also James v. Giles, 221 F.3d 1074, 1077-79 (9th Cir. 2000).

Petitioner does not dispute that Grounds 1 through 11, in whole or in part, had not been exhausted in the state courts. Petitioner's Motion to Dismiss (#34). Petitioner asked for the Court to stay this action while he returned to the state courts. Petitioner had filed a proper-person notice of appeal from his judgment of conviction. His counsel had filed in district court a motion to alter or amend the judgment of conviction. The district court denied the motion because Petitioner's proper-person notice of appeal deprived the district court of jurisdiction. The Court found that good cause did not exist for Petitioner's failure to exhaust because, even though he tried to raise the issues in Grounds 1 through 11 in a proper-person brief before the Nevada Supreme Court, he created the problem himself. Order (#36). Petitioner did not choose whether he wanted to dismiss this action to return to state court or to dismiss the unexhausted grounds, and the Court dismissed the action. Order (#70). Petitioner's issue on appeal is whether this Court should have stayed this action to let him return to the state courts to exhaust his grounds.

The limits of "good cause" to justify a stay are not entirely set. On one hand, good cause is less than an extraordinary circumstance. Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). On the other hand, a petitioner's incorrect assumption of what counsel had done is not good cause to justify a stay. Wooten v. Kirkland, 540 F.3d 1019, 1023-24 (9th Cir. 2008). Under these circumstances, reasonable jurists might debate this Court's conclusion that good cause did not exist.

Petitioner has submitted a Supplement to Application for Certificate of Appealability (#75). He argues that his trial counsel's motion to alter or amend the judgment would not have exhausted the grounds for relief that the Court determined were unexhausted. First, Local Rule 7-2 does not authorize Petitioner to file a supplement separate from his Application (#72). Second, Petitioner cannot raise new arguments against dismissal of this action in a request for a certificate of appealability. See Cacoperdo v. Demosthenes, 37 P.3d 504, 507 (9th Cir. 1994).

///

///

IT IS THEREFORE ORDERED that Petitioner's Application for Certificate of Appealability (#72) is granted on the following issue:

> Whether the Court should have stayed this action to let Petitioner return to the state courts to exhaust his available remedies.

DATED: This 26th day of March, 2009.

_____
BRIAN SANDOVAL
United States District Judge